UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CV-179-BO

| | |
|---|---|
| TRAVEN MARQUET LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| SCOTT AMEND AND NEW DIXIE OIL ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Motion for Leave to Amend and Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons below, Plaintiff's motion is DENIED. Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff, *pro se*, filed a Complaint against Defendants alleging injuries sustained due to a gas explosion at his trailer home in October 2006. At the time of the alleged explosion, Plaintiff lived with his wife and step-daughter in Roanoke Rapids, North Carolina. Plaintiff was living in Vanceboro, North Carolina at the time he filed this Complaint. Defendants are both citizens of North Carolina. Plaintiff alleges damages to the trailer, as well as personal property damage, pain and suffering, mental anguish, and post-traumatic stress, and is seeking $30 million.

## DISCUSSION

Federal courts are courts of limited jurisdiction and can only adjudicate those cases that fall within Article III of the Constitution and a Congressional authorization enacted thereunder.

Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1350 (3d ed.). When the Court's subject matter jurisdiction is challenged, the plaintiff has the burden of establishing that the Court has such jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561. The court "has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Barrera v. Getty, et al.*, 2009 U.S. Dist. Lexis 71887, *5 (D.Md. Aug. 13, 2009) (*quoting Johnson v. United States*, 534 F.3d 958, 962 (5th Cir. 2008)).

Plaintiff's Complaint fails to raise a federal question that would give this Court jurisdiction under 28 U.S.C. § 1331. Therefore, for the district court to have original jurisdiction, there must be diversity of citizenship between the parties and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. In this case, Plaintiff has met the requirement for the amount in controversy, but fails in his Complaint and proposed Amended Complaint to establish diversity of citizenship, as he is a resident of the State of North Carolina, as are both Defendants.

Plaintiff seeks to amend his Complaint to add his wife and daughter as plaintiffs, correct the spelling of Defendants' names, and change the alleged date of the incident. However, these changes would not give this Court jurisdiction to hear this matter, thus allowing them would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962), (A District Court may deny a Motion for Leave to Amend a Complaint because of, among other reasons, futility of the amendment). If Plaintiff has a claim, state court is the appropriate venue. Defendant's Motion to Dismiss is GRANTED.

## CONCLUSION

Accordingly, Plaintiff's Motion for Leave to Amend is DENIED. Defendant's Motion to

Dismiss is GRANTED.

SO ORDERED.

This **17** day of May, 2010.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE